T. EDWARD DUFFEE *vs.* WALTER E. McGONIGLE.

APRIL 23, 1930.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Barrows, and Murdock, JJ.

SWEENEY, J. This is an action of the case in assumpsit to recover a balance alleged to be due for medical services. At the close of the testimony the trial justice directed the jury to return a verdict for the plaintiff for the full amount claimed. The case is before this court on defendant's exception to this ruling and also to a ruling made during the trial excluding a deposition offered by defendant.

The notification issued by the notary public who took the deposition in Boston was served in Providence by a

disinterested person reading the notification to the attorney of record of the plaintiff. Plaintiff's attorney claimed that the service was illegal because a copy of the notification was not left with him. The trial justice sustained this claim and excluded the deposition. In so ruling the trial justice erred as the notification was served in the manner required by statute.

General Laws 1923, § 5010, provides, among other things, that when a deposition is taken by a notary public without this State to be used here, the adverse party, or his attorney of record, shall be notified of the time and place appointed for taking the deposition and the notification issued by the notary before whom the deposition is to be taken shall be served in the manner hereinbefore provided. The "manner hereinbefore provided" for the service of the notification is found in § 5009, which requires the notification to be served by reading it to the party to be cited, if to be found, otherwise a copy is to be left at his usual place of abode. This is the only section which states how the notification is to be served, if the party to be cited can be found. Plaintiff's attorney admitted that he read the notification and knew when and where the deposition was to be taken in Boston and made no complaint that the notification was not served a reasonable time before the time fixed for taking the deposition. The exclusion of the deposition was prejudicial error and justice requires that defendant be granted a new trial.

Defendant's exceptions are sustained and the case is remitted to the Superior Court for a new trial.

*George Triedman,* for plaintiff.
*William H. Foley,* for defendant.